UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUCINDA S.,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. 3:24-cv-05224-GJL

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 7, 11, 12.

Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is **REVERSED** and **REMANDED** for further administrative proceedings.

                       **I.    PROCEDURAL HISTORY**

Plaintiff's applications for Supplemental Security Income (SSI) benefits and Disability Insurance Benefits (DIB) were denied initially and following reconsideration. AR 64–65, 96–97.

Plaintiff's requested hearing was held before the ALJ on March 9, 2023. AR 42–63. On March 21, 2023, the ALJ issued a written decision finding Plaintiff was not disabled between her alleged onset date (June 26, 2018) and December 31, 2022, but was disabled after that date. *See* AR 14–41. The Appeals Council declined Plaintiff's request for review making the ALJ's decision the final decision of the agency subject to judicial review. AR 1–6. On March 21, 2024, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision finding her not disabled during the relevant period. Dkt. 1. Defendant filed the sealed AR in this matter on May 21, 2024. Dkt. 5.

## II. BACKGROUND

Plaintiff was born in 1968 and was 50 years old on the alleged date of disability onset of June 26, 2018. *See* AR 17, 241. Plaintiff has at least a high school education. AR 30. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of fibromyalgia, obesity, degenerative disc disease of the lumbar spine, depression, posttraumatic stress disorder (PTSD), bilateral knee conditions, knee osteoarthritis, and migraine headaches. AR 19. However, the ALJ found Plaintiff was not disabled during the relevant period because she had the following Residual Functional Capacity (RFC):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can frequently climb ramps and stairs and occasionally climb ladders. She can never climb ropes and scaffolds and frequently kneel, crouch and occasionally crawl. The claimant must avoid concentrated exposure to extreme cold and heat, fumes, odors, dusts, gases, humidity, and work hazards, such as dangerous moving machinery and unprotected heights. She can understand, remember, and carry out simple instructions and she can have occasional contact with the general public and coworkers. The claimant can perform work involving occasional changes in work routine and setting.

AR 22.

//

### III.    DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In her opening brief, Plaintiff contends the ALJ improperly assessed (1) her subjective symptom testimony, (2) several medical opinions, and (3) a lay witness statement. Dkt. 7.

**A.    Subjective Symptom Testimony**

Plaintiff testified she often has widespread pain aggravated by movement. AR 52–53, 342. She was frequently fatigued and often experienced brain fog. AR 51–53. These conditions routinely prevented sustained focus and caused nausea. AR 53–55. She avoids movement because of her pain. AR 54. Three to four days a month, she is nearly bedridden by pain. AR 54–55.

The ALJ was required to give "specific, clear, and convincing reasons" for rejecting this testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). The Commissioner argues the ALJ met this burden by pointing to (1) objective medical evidence, (2) evidence of symptom improvement, and (3) Plaintiff's activities of daily living. Dkt. 11 at 13–14. The Court disagrees and finds these were not adequate reasons supported by substantial evidence.

<u>Improvement</u>. The ALJ described some evidence showing Plaintiff reported one medication "helped with her migraines," another "helped with the pain," that her pain "improved" because of dietary changes, that a provider described Plaintiff's "progress as improved," that a few treatment notes described Plaintiff's conditions as "stable," and that Plaintiff stated she had more energy and focus. *See* AR 24–27. Without further explanation, such

findings alone are insufficient to conclude Plaintiff's condition improved such that it was no longer as impairing as alleged. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("[S]ome improvement" in a person's symptoms "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."); *Martinez v. Comm'r of Soc. Sec.*, 2021 WL 2915018 at *6 (E.D. Cal. July 12, 2021) ("'[F]airly stable' and 'doing well' are relative terms.") (citation omitted).

<u>Objective Medical Evidence</u>. The ALJ summarized some of the medical evidence, noting certain examination results showed Plaintiff had normal movement and strength in her extremities and legs, ambulated without restriction with normal gait, and experienced no or mild tenderness. AR 25.

The ALJ erred by failing to explain why such evidence was inconsistent with Plaintiff's testimony. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("[The ALJ] simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination. This is not the sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully, so that we may ensure that the claimant's testimony was not arbitrarily discredited.").

Such evidence is not necessarily inconsistent with testimony of fibromyalgia-induced pain. *See Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) ("[T]hose suffering from [fibromyalgia] have 'muscle strength, sensory functions, and reflexes that are normal,'" and "'[t]heir joints appear normal, and further musculoskeletal examination indicates no objective swelling.'") (quoting *Rollins v. Massanari*, 261 F.3d 853, 863 (9th Cir. 2001) (Ferguson, J., dissenting)).[1]

---

[1] The cases cited by Defendant (Dkt. 11 at 14) involving normal findings inconsistent with fibromyalgia-related allegations are inapposite because they involve different, more extreme allegations which an ALJ specifically

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 4

      The ALJ also described some normal mental status exams. AR 26–27. His assessment of these exams suffers from the same defect as his assessment of her pain testimony: he failed to make specific findings explaining why such evidence was inconsistent with Plaintiff's testimony, asserting only that "the claimant's history of improved and stabilized psychologically based symptoms does not support a finding of disabling symptoms." AR 27; *see Brown-Hunter*, 806 F.3d at 493–94. As discussed, Plaintiff's "history of improved and stabilized" symptoms was not a sufficient basis upon which to reject her testimony.

      <u>Activities of Daily Living</u>. The ALJ noted Plaintiff was able to do some chores, go shopping, and talk to friends on Facebook, which, the ALJ asserted, was "not consistent with disabling fatigue, pain, or other symptoms." AR 23; *see also* AR 25 ("The claimant's apparent ability to do normal things . . . is not consistent with her reports . . . ."). Plaintiff testified she is bedridden a few days a month and has difficulty completing tasks, but she did not testify she is unable to *ever* complete any of her activities of daily living. The ALJ's finding that some simple activities of daily living and using the internet were inconsistent with her testimony was thus not supported by substantial evidence. Although Plaintiff did say she is able to go on long walks, she qualified that statement by saying she might require a significant recovery period to do so. *See* AR 342. Her statement that she can take long walks is not therefore inconsistent with her testimony that movement causes pain.

      In sum, the ALJ failed to give specific, clear, and convincing reasons for discounting Plaintiff's subjective symptom testimony. Defendant does not dispute that such an error requires

---

described as inconsistent with certain normal exam findings. *See Franchino v. Kijakazi*, 2022 WL 16548014 at *1 (9th Cir. 2022) (unpublished) (limitation to ambulating only with assistive devices reasonably found inconsistent with displays of normal gait and station); *Maureen S. v. Comm'r of Soc. Sec.*, 2019 WL 2491915 at *2 (notations of full strength inconsistent with subjective testimony where "Plaintiff specifically alleged that her fibromyalgia caused muscle weakness," distinguishing *Revels* because ALJ did not "broadly find[] normal objective findings to be inconsistent with fibromyalgia pain").

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 5

reversal, and, thus, the Court reverses. *See* Dkt. 11; *Ferguson v. O'Malley*, 95 F.4th 1195, 1204 (9th Cir. 2014) ("The Commissioner does not contend that the ALJ's error was harmless. Consequently, we reverse the judgment").

**B.     Remaining Issues and Remedy**

Because the Court has determined the ALJ reversibly erred in evaluating Plaintiff's subjective testimony, it declines to consider Plaintiff's remaining arguments concerning the medical opinion evidence and the lay witness statement. On remand, the ALJ should reassess the medical evidence and, if warranted, the RFC and his step five finding.

Plaintiff requests the Court remand for an award of benefits. Dkt. 7 at 17–18. After considering the record, the Court concludes remand for further proceedings is the appropriate remedy, as there remain ambiguities in the medical evidence, including among the medical opinions. *See Garrison*, 759 F.3d at 1022; AR 28–29 (assessing medical opinions supporting RFC).

## IV.     CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

Dated this 13th day of November, 2024.

Grady J. Leupold
United States Magistrate Judge